IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR LLOYD MITCHELL,       :     CIVIL ACTION NO. **1:CV-11-1998**
                       :
        Plaintiff        :     (Chief Judge Kane)
                       :
        v.           :     (Magistrate Judge Blewitt)
                       :
EDWARD V. GRYNKEWICZ, III, et al.,   :
                       :
        Defendants    :

**REPORT AND RECOMMENDATION**

**I. Background.**

On October 27, 2011, Plaintiff Mitchell, currently an inmate at the Dauphin County Prison

("DCP"), filed, *pro se*, this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1).[1] Plaintiff also

---

[1]On June 29, 2011, Plaintiff Victor Lloyd Mitchell filed a previous civil rights action, pursuant to 42 U.S.C. § 1983. Plaintiff's 11-1240 case was dismissed on August 9, 2011. *See Mitchell v. Dauphin County Commissioners*, Civil No. 11-1240, M.D. Pa.

Also, on November 30, 2011, Plaintiff Mitchell filed another civil rights action pursuant to 42 U.S.C. § 1983. We recently screened Plaintiff's Complaint in this action on December 15, 2011. *See Mitchell v. Hogentogler, et al.*, Civil No. 11-2217, M.D. Pa. On January 26, 2012, the District Court adopted, in part, our December 15, 2011 Report and Recommendation (R&R") in Civil No. 11-2217. On March 16, 2012, we issued an R&R and recommended that Plaintiff's Civil No. 11-2217 case be dismissed without prejudice on the basis of Plaintiff 's failure to comply with the Court's Order directing him to file an Amended Complaint by February 25, 2012. Our R&R is presently pending with the Court.

On January 26, 2012, Plaintiff Mitchell filed another civil rights action, pursuant to 42 U.S.C. § 1983. *See Mitchell v. Turgeon, et al.*, Civil No. 12-0028, M.D. Pa. On January 17, 2012, we issued a Report and Recommendation in which we recommended that Plaintiff's damages claims against Defendant Judge Turgeon and Defendant ADA Hogentogler be dismissed with prejudice. We also recommended that Plaintiff's request for an injunction and his requests for declaratory relief be dismissed from this case with prejudice, and that this entire case be closed. On February 22, 2012, the Court adopted our R&R and closed Plaintiff's Civil No. 12-0028 case.

Plaintiff's civil rights actions all appear to relate to his pending criminal charges and trial in Dauphin County Court of Common Pleas, CP-22-CR-617-2011, *Com. of PA v. Mitchell*.

filed an *in forma pauperis* Motion.  (Doc. 2).  Plaintiff named as Defendants Harrisburg Police

Department Officers  Edward V. Grynkewicz, III, Amy E. Bright, and Kirk E. Aldrich.  Plaintiff's

alleges that the stated Defendant Harrisburg Police Department Police Officers falsely arrested him

on December 29, 2010, for an incident in front of Pints Bar and Grill, 25 South 4th Street,

Harrisburg, Pennsylvania, involving an altercation between Plaintiff and a woman with whom he

lived. Plaintiff alleged that Defendants planted evidence against him, and concealed and destroyed

evidence.   Plaintiff also averred that Defendants falsely reported about the incident and falsely

accused him of being the perpetrator of the assault on the woman.   Plaintiff alleged that Defendants

unlawfully destroyed evidence and unlawfully instituted criminal proceedings against him which

lead to his current confinement in DCP.   Further, Plaintiff averred that Defendants conspired to

violate his rights. Plaintiff also averred that Defendants concealed his injuries from the altercation

with the woman and that, during his arrest at the scene of the incident, they  forced him  to walk

on broken glass in his bare feet.   Plaintiff averred that Defendants  failed to provide  him with

medical treatment for his stated injuries.   Plaintiff indicated that Defendants filed false criminal

charges against him with respect to the December 29, 2010 incident, and that the charges lead to

his confinement in DCP.   Plaintiff also indicated that the charges are currently pending against him.

As noted, all of Plaintiff's civil rights actions which he recently filed appear to relate to his pending

criminal charges and trial in Dauphin County Court of Common Pleas, CP-22-CR-617-2011.

Thus, Plaintiff raised  false arrest and false imprisonment claims against Defendants under

the Fourth Amendment, as well as a denial of medical care claim under the Fourteenth Amendment

Due Process Clause.  *See Thomas v. Cianfrani*, 2009 WL 1704471 (E.D. Pa. 6-17-09)(citations

omitted)(since Plaintiff was a pre-trial detainee his denial of medical care claim is under the Fourteenth Amendment and not Eighth Amendment).   Plaintiff also raised a conspiracy claim against Defendants under §1983.  Further, Plaintiff seemed to allege that Defendants used excessive force on him during his arrest in violation of the Fourth Amendment by making him walk on broken glass in his bare feet.

On October 31, 2011, we issued an Order and granted Plaintiff's *in forma pauperis* motion and directed service by the USMS on Defendants.  (Doc. 7).  A Waiver of Service was returned as to all Defendants, and Defendants' response to the Complaint was due on January 2, 2012.

On November 28, 2011, Plaintiff filed a Motion for Issuance of Subpoena *Duces Tecum* and a support brief.  (Docs. 14 and 15).  Plaintiff attached his Affidavit to his Motion.  Plaintiff sought the Court to direct supervisory officials of the Harrisburg Police Department to appear before the Court to testify at a pre-trial hearing as witnesses for him and to bring with them internal Police Department disciplinary files, personnel files and all documents pertaining to Defendants, including any complaints of misconduct against them.

On December 22, 2011, we issued an Order and  denied Plaintiff's Motion since we found that he must seek the stated documents through discovery requests served on Defendants.  We also denied Plaintiff's Motion insofar as he sought  to subpoena police supervisory officials to testify for him at a pre-trial hearing.  (Doc. 17).

On December 28, 2011, Defendants jointly filed, through counsel, their Answer to Plaintiff's Complaint with Affirmative Defenses.  (Doc. 19).

On January 9, 2012, Defendants filed a Motion to Stay Proceedings. (Doc. 22). Defendants also filed their support brief with an attached exhibit, namely, a copy of Plaintiff's Criminal Docket in his Dauphin County Court of Common Pleas pending case, CP-22-CR-617-2011. (Docs. 22-1 and 22-3). The time in which Plaintiff was obliged to file his opposition brief to Defendants' Motion to Stay lapsed and Plaintiff did not file his brief. Nor did Plaintiff request an extension to time to file his brief.

On January 31, 2012, we issued an Report and Recommendation ("R&R") and recommended that the Court grant Defendants' Motion for a Stay (Doc. 22) and their alternative request for relief, namely, that Plaintiff's unlawful arrest, false imprisonment and § 1983 conspiracy claims against Defendants be dismissed without prejudice since they are barred by *Heck*. We also recommended that Plaintiff's denial of medical care claim under the Fourteenth Amendment Due Process Clause and his Fourth Amendment excessive force claim against Defendants be allowed to proceed. Finally, we recommended that this case be remanded to the undersigned for further proceedings with respect to Plaintiff's denial of medical care claim under the Fourteenth Amendment Due Process Clause and his Fourth Amendment excessive force claim against Defendants. (Doc. 27). On February 21, 2012, the Court adopted our R&R. (Doc. 28).

On February 24, 2012, we issued a Scheduling Order setting the discovery deadline as March 26, 2012, and the dispositive motions deadline as April 26, 2012. (Doc. 29).

On February 29, 2012, we granted Defendants' Motion to Take Plaintiff 's Deposition. (Docs. 30 & 32).

On March 22, 2012, Plaintiff filed a 2-sentence "Motion to Dismiss" wherein he stated, "Comes now the Plaintiff, Victor Lloyd Mitchell, in propria persona (sic), who, moves for this Honorable Court to enter a judgment of Nolle Prosequi upon all claims herein.  The Plaintiff submits amenability to the Defendants' request to reconsider upon final disposition of Commonwealth of PA. v. Mitchell, CP-22-CR-617-2011." **(Doc. 33).**

## II.  Discussion.

We will recommend that the Court construe the Doc. 33 Motion of Plaintiff as a Notice of Dismissal pursuant to Fed.R.Civ.P. Rule 41(a)(1)(A)(i), and that the Court give effect to the Notice of Dismissal and dismiss this case without prejudice.  *See Neal v. Lenear*, Civil No. 11-2272, M.D. Pa.  As mentioned, Plaintiff essentially states, in relevant part, that he is requesting the Court to dismiss all of his claims in this civil action until his pending Dauphin County Court of Common Pleas criminal case, CP-22-CR-617-2011, is finally resolved.

## III.  Recommendation.

Based upon the foregoing, it is respectfully recommended that the **Doc. 33** Motion to Dismiss  of Plaintiff Mitchell be construed as a Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i), and that this case be dismissed without prejudice.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 28, 2012**

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR LLOYD MITCHELL,         :      CIVIL ACTION NO. **1:CV-11-1998**

            Plaintiff        :      (Chief Judge Kane)

            v.         :      (Magistrate Judge Blewitt)

EDWARD V. GRYNKEWICZ, III, et al.,  :

           Defendants      :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 28, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


                                 **s/ Thomas M. Blewitt**
_____
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: March 28, 2012**

Thus, pursuant to Local Rule 7.6, M.D. Pa., Plaintiff should be deemed as not opposing Defendants' Doc. 22 Motion.[2]

**II.  Discussion.**

Presently pending before the Court is Defendants' uncontested Motion to Stay this case.  (Doc. 22).[3]  The Court in *McLafferty v. Deutsche Lufthansa A.G.*, 2008 WL 4612856, *1-*2 (E.D. Pa.), stated:

> It is well settled that the Court has the inherent authority to control the disposition of cases on its own docket. *See In Re Plastics Additives Antitrust Litigation,* 2004 WL 2743591 *5 (E.D.Pa. November 29, 2004).
>
> [T]he Supreme Court said "the power to stay proceedings is incidental to the power inherent in every court to control the

---

[2]We note that Plaintiff was provided with a copy of the relevant Local Rules of this Court in this case, as well as in his other cases he filed with this Court.  (Doc. 4).

[3]Since we are presented with motion for a stay of this case, which is in the nature of injunctive relief, we must issue a Report and Recommendation as opposed to an Order.  *See* 28 U.S.C.§ 636(b)(1)(A).

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." The Court emphasized the need to adapt judicial processes to varying conditions, and said that in cases of exceptional public interest, individual litigants might be required to "submit to delay not immoderate in extent and not oppressive in its consequences."

*Cheyney State College Faculty, et al. v. Hufstedler, et al.,* 703 F.2d 732, 737-738 (3d Cir.1983) ( *quoting Landis v. North American Company,* 299 U.S. 248, 254-255, 57 S.Ct. 163, 165-166, 81 L.Ed. 163 (1936)). "[T]he decision whether to grant a stay must be made on a case-by-case basis". *In Re Plastics Additives Antitrust Litigation,* 2004 WL 2743591 at *5. In determining whether a stay is appropriate, the Court looks at five competing interests:

(1) interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2) burden which any particular aspect of the proceedings may impose on defendants;

(3) convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4) interests of persons not parties to the civil litigation; and

(5) interest of the public in the pending civil and criminal litigation. *Id.*

*See also Moriarity v. Johnson*, Civil No. 08-1532, M.D. Pa. August 23, 2010 Order.

Thus, it is within the discretion of the Court to stay Plaintiff's case until his state court criminal trial in Dauphin County has concluded. *McLafferty v. Deutsche Lufthansa A.G., supra.*

In their unopposed Motion for a Stay, Defendants state that Plaintiff's Dauphin County criminal trial is currently scheduled for February 27, 2012. Thus, since Plaintiff has not yet had his trial on the criminal charges which Defendants filed against him, Defendants contend that Plaintiff's instant

10

unlawful arrest and false imprisonment claims against them are not ripe.  Defendants also state that

it is not yet clear if Plaintiff's stated constitutional claims against them will be barred by *Heck*, and

that if Plaintiff is convicted of the charges they filed against him at his upcoming Dauphin County

trial, his claims will be *Heck* barred.  Therefore, Defendants state that it is premature for Plaintiff

to proceed on his two stated constitutional claims against them since his underlying criminal case

has not yet been decided.  Defendants request that the Court grant their Motion to Stay

Proceedings until Plaintiff's Dauphin County Court of Common Pleas criminal case, CP-22-CR-617-

2011, is concluded.  In the alternative, Defendants request that Plaintiff's unlawful arrest and false

imprisonment claims against them be dismissed without prejudice since they may be *Heck* barred

if Plaintiff is convicted in his upcoming criminal trial, and if Plaintiff is not successful with respect

to any appeal he may file thereafter.  (*See* Doc. 22-5).

In *Taylor v. JFC Staffing Assoc.*, 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009), the Court stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)
> the Supreme Court announced what is called the "favorable termination rule,"
> which forecloses certain § 1983 actions for plaintiffs who have plead guilty to
> criminal charges.  In *Heck,* the Supreme Court stated:
>
> > [I]n order to recover damages for allegedly unconstitutional conviction
> > or imprisonment, or for other harm caused by actions whose
> > unlawfulness would render a conviction or sentence invalid, a § 1983
> > plaintiff must prove that the conviction or sentence has been reversed
> > on direct appeal, expunged by executive order, declared invalid by a
> > state tribunal authorized to make such determination, or called into
> > question by a federal court's issuance of a writ of habeas corpus.... A claim
> > for damages bearing relationship to a conviction or sentence that has
> > not been so invalidated is not cognizable under § 1983.
>
> *Id*. at 486-87, 114 S.Ct. 2364 (emphasis in original). The final termination

rule announced in Heck also bars those § 1983 claims that have the effect of impugning the underlying criminal conviction. *See Marable v. Pottsgrove Twp.,* 176 Fed.Appx. 275, 281 (3d Cir.2006).

In *Holmes v. Dreyer,*2010 WL 3791360, *3 (E.D. Pa. 9-28-10), the Court stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court held that [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. *Id.* at 486-87 (footnotes omitted).
>
> Furthermore, "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (emphasis in original). Thus, unless plaintiff can demonstrate that his conviction or sentence has been invalidated, this civil rights action is barred. Here, plaintiff's claims that he was maliciously prosecuted, denied effective legal representation, wrongly convicted, and denied due process, if proven, would "necessarily demonstrate the invalidity of the confinement or its duration." *Id.* However, because there has been no showing of an invalidated conviction or sentence, this civil rights action is barred, and plaintiff's claim for damages arising from his criminal prosecution and appeal must be dismissed. Thus, even if plaintiff had stated a cognizable violation of his civil rights by any of the defendants in this case, which he has failed to do, this complaint would still be dismissed as legally frivolous.

We agree with Defendants that Plaintiff's unlawful arrest and false imprisonment claims against them may be *Heck* barred.   In *Nicholas v. Heffner*, 2011 WL 5057083, *4 (M.D. Pa. 10-3-11) adopted by 2011 WL 5025897 (10-21-11), the Court stated:

it is a legal prerequisite to a civil rights claim in this setting based upon allegations of false arrest or malicious prosecution that the plaintiff show that the criminal proceedings have terminated in his favor. Indeed, it is well-settled that "[t]o prove malicious prosecution under .,., a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) *the criminal proceeding ended in plaintiff's favor;* (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir.2003) (emphasis added)

However, we find that the Court should grant Defendants' alternative request for relief that Plaintiff's unlawful arrest and false imprisonment claims against Defendants be dismissed without prejudice rather than staying Plaintiff's entire case.   We also find that Plaintiff 's §1983 conspiracy claim alleging that Defendants conspired to unlawfully arrest him should be dismissed without prejudice since it too is *Heck* barred as it is dependant upon his unlawful arrest and false imprisonment claims against Defendants.   As the Court stated in *Dennison v. Pa. Dept. of Corrections*, 268 F. Supp. 2d 387, 401 (M.D. Pa. 2003):

> To sustain a conspiracy claim under section 1983, [Plaintiff] must establish that: (1) defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to do so while acting under color of state law. *Adickes v S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Marchese v. Umstead,* 110 F.Supp.2d 361, 371 (E.D. Pa. 2000). Additionally, "'to [s]ufficiently          allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" *Marchese*, 110 F.Supp.2d at 371 (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).   "'A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" *Id*. (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).

Additionally, we find that Plaintiff's denial of medical care claim under the Fourteenth

Amendment Due Process Clause  and his Fourth Amendment excessive force claim against Defendants be allowed to proceed.  These latter two claims do  not require that Plaintiff show the Dauphin County criminal proceeding end in his favor.  Since Plaintiff did not even have his criminal trial yet, any stay of this entire case pending the conclusion of his trial and the conclusion of any appeals he may file if he is convicted may take years.

Even if Plaintiff could proceed with his unlawful arrest claim, his  false imprisonment claim and his § 1983 conspiracy claim under the facts of this case, and despite the fact he has not yet been convicted in Dauphin County, his claims would be barred based on *Heck v. Humphrey*, 512 US 477 (1994).  *See Stawarz v. Rojas*, 2007 WL 1653742, *4 (W.D. Pa. 6-6-07); *Keys v. Pennsylvania*, 2011 WL 766978, *12-*13 (M.D. Pa. 1-19-11) adopted by 2011 WL 766950 (M.D. Pa. 2-25-11).   If Plaintiff Mitchell was successful with respect to his present unlawful arrest and false imprisonment claims and his §1983 conspiracy claim, then these claims would necessarily call into question any conviction Plaintiff may eventually receive in Dauphin County.  As stated, Plaintiff's present claims involve his conduct on December 29, 2010, which is the basis for the pending criminal charges against him in Dauphin County.

As the Court stated in *Stawarz v. Rojas*, 2007 WL 1653742, *4 -*5:

> If Plaintiff were successful in his claims in the complaint that during the course of Plaintiff's criminal proceedings the Defendants failed to communicate with him at all and/or had a conflict of interest, then these claims would necessarily call Plaintiff's conviction into question. *See, e.g., Smith v. Gambrell,* 108 Fed .Appx. 218, 218-19 (5th Cir.2004)"His allegations of ineffective assistance [of trial counsel Gambrell] ... call into question the validity of his conviction, and Smith therefore must satisfy the conditions of *Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994), before he can proceed in a civil rights action."); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995) (per curiam) (concluding that Sixth Amendment claim of

ineffective assistance of counsel brought under section 1983 is precluded under *Heck); Dickerson v. Rogers,* No. C06-5419 FDB, 2006 WL 2714563, *2 (W.D.Wash. Sept. 22, 2006) ("if plaintiffs [sic, should be "plaintiff"] actually suffered due to the ineffectiveness of his attorney's performance during state court proceedings, this § 1983 case would similarly be dismissed pursuant to *Heck v. Humphrey,* 114 S.Ct. 2364 (1994), since the issue of ineffectiveness of counsel necessarily calls into question the fact or duration of plaintiff's conviction and plaintiff ha[s] not alleged that the underlying conviction has been overturned, expunged, or otherwise invalidated").

The *Heck* bar would apply whether Plaintiff is still a pre-trial detainee or whether he has already been convicted of the charges for which he is currently incarcerated. *Smith v. Holtz,* 87 F.3d 108, 113 (3d Cir.1996)"In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter. Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983."). [FN2].

> FN2. The only potential question that arises is whether the rule of *Heck* is rendered inapplicable by the fact that in *Heck,* the plaintiff therein sought money damages whereas Plaintiff herein seeks only injunctive relief. The answer is the rule of *Heck* is not rendered inapplicable. The courts have held that regardless of the relief sought in a Section 1983 suit, if success by the plaintiff would necessarily imply the invalidity of a criminal conviction, *Heck* bars the suit. See, *e.g., Allen v. Campbell,* 194 F.3d 1311 (Table), 1999 WL 1000833, at * 1 (6th Cir.1999) "A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief."); *Hall v. Woodall,* 181 F.3d 101 (Table), 1999 WL 313886, at *2 (6th Cir.1999)" *Heck* applies even though Hall sought injunctive relief."); *Buckley v. Ortega,* 165 F.3d 35 (Table), 1998 WL 808032, at * 1 (9th Cir.1998) "Because a judgment, for monetary relief or otherwise, in favor of Buckley would necessarily imply the invalidity of his guilty plea conviction and sentence, and because he has not shown that his conviction and sentence have been previously invalidated, the district court properly granted summary judgment in favor of Ortega and Rachow.")(emphasis added); *Abella v. Rubino,* 63 F.3d 1063,

> 1066 (11th Cir.1995)("declaratory or injunctive relief claims ...
> which challenge the validity of the claimant's conviction or sentence
> and seek release-are simply not cognizable under § 1983.").Hence, because
> Plaintiff's claims necessarily call into question the
> validity of his conviction or potential conviction, his claims must be
> dismissed under *Heck*.

Since Plaintiff Mitchell has not been convicted of the charges filed against by Defendants, and since no conviction in the Dauphin County Court of Common Pleas has as of yet been reversed or overturned, Plaintiff's present unlawful arrest, false imprisonment and §1983 conspiracy claims against Defendants are *Heck*-barred. *See Keys, supra*.

This Court in *Supples v. Burda*, Civil No. 07-1560, M.D. Pa., 10-26-07 Memorandum (J. Caldwell), pp. 6-7, 2007 WL 3165537, stated:

> In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383
> (1994), the Supreme Court clarified the interplay between habeas and
> civil-rights claims. The Court ruled that a section 1983 claim for
> damages does not accrue "for allegedly unconstitutional conviction
> or imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid," until the
> plaintiff proves that the "conviction or sentence has been reversed
> on direct appeal, expunged by executive order, declared invalid by
> a state tribunal authorized to make such determination, or called
> into question by a federal court's issuance of a writ of habeas
> corpus." *Id.* at 486-87, 114 S.Ct. at 2372, 129 L.Ed.2d at 394
> (footnote omitted).
>
> *Heck* has been extended to requests for declaratory and
> injunctive relief. *See Edwards v. Balisok*, 520 U.S. 641, 117
> S.Ct. 1584, 137 L.Ed.2d 906 (1997) (*Heck* bars a section 1983
> action seeking damages and declaratory relief which challenges
> a prison disciplinary hearing forfeiting good-time credits). As
> the Court explained in *Wilkinson v. Dotson*, 544 U.S. 74, 81-82,
> 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (emphasis in original):
> "a state prisoner's § 1983 action is barred (absent prior
> invalidation) - no matter the relief sought (damages or equitable
> relief), no matter the target of the prisoner's suit (state conduct

leading to conviction or internal prison proceedings)  - *if* success
in that action would necessarily demonstrate the invalidity of the
confinement or its duration." As the Third Circuit has summarized
the holding of *Heck*: "where success in a § 1983 action would
implicitly call into question the validity of conviction or duration
of sentence, the plaintiff must first achieve favorable termination of
his available state or federal habeas remedies to challenge the
underlying conviction or sentence." *Williams, supra*, 453 F.3d at 177
(Emphasis added).

See also *Walker v. Zenk*, Civil No. 01-1644, M.D. Pa., 2-7-08 Memorandum slip op. pp. 25-28;

*Mendoza v. Meisel*, 270 Fed. Appx. 105,107 (3d Cir. 2008)(*Heck* held that "§ 1983 damages

actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments

that necessarily require the Plaintiff to prove the unlawfulness of his conviction or

confinement")(Per Curiam).

Additionally, in *Rose v. Mahoning Tp.*, 2008 WL 918514, *6 (M.D. Pa.), the Court stated:

> The United States Supreme Court has held that "in order to recover
> damages for allegedly unconstitutional conviction or imprisonment, or for
> other harm caused by actions, whose unlawfulness would render a
> conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized
> to make such determination, or called into question by a federal
> court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*,
> 512 U.S. 477, 486-487, 114 S.Ct. 2364, 1129 L.Ed.2d 383 (1994).
> The plaintiff pled guilty and that conviction has not been reversed,
> expunged, declared invalid or called into question; therefore, he
> cannot pursue a federal civil rights claim that the arrest was improper.
> The plaintiff's claim involving his right to be free from unwarranted
> arrest will thus be dismissed.

Thus, insofar as Plaintiff Mitchell is raising § 1983 claims, namely, his unlawful arrest, false

imprisonment and §1983 conspiracy claims, with respect to the criminal charges pending against

him in Dauphin County, we find  that these claims are subject to dismissal without prejudice as

against Defendants, despite the fact that Plaintiff has not yet been convicted, since they are *Heck*-barred.   *See Keys, supra*.

Thus, since we find Plaintiff's unlawful arrest, false imprisonment and §1983 conspiracy claims against Defendants are *Heck* barred and that a stay could be for a prolonged period of time, we will recommend that these three (3) constitutional claims be dismissed without prejudice to raise in a new action if Plaintiff is not convicted of the charges Defendants filed against him or if Plaintiff is convicted and successfully has the conviction overturned on appeal.   *See Taylor, supra; Holmes, supra*.

Therefore, we will recommended that all of Plaintiff's unlawful arrest, false imprisonment and §1983 conspiracy claims against Defendant be dismissed without prejudice since they are barred by *Heck*.  *See Holmes, supra*.  We will also recommend that Plaintiff's denial of medical care claim under the Fourteenth Amendment Due Process Clause and his Fourth Amendment excessive force claim against Defendants be allowed to proceed.

## III.  Recommendation.

Based on the foregoing, it is respectfully recommended that the Court grant Defendants' Motion for a Stay **(Doc. 22)** and their alternative request for relief, namely, that Plaintiff's unlawful arrest, false imprisonment and § 1983 conspiracy claims against Defendants be dismissed without prejudice since they are barred by *Heck*.   It is also recommended that Plaintiff's denial of medical care claim under the Fourteenth Amendment Due Process Clause and his Fourth Amendment excessive force claim against Defendants be allowed to proceed.

Finally, it is recommended that this case be remanded to the undersigned for further

proceedings with respect to Plaintiff's denial of medical care claim under the Fourteenth Amendment Due Process Clause and his Fourth Amendment excessive force claim against Defendants.


s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 31, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | CIVIL ACTION NO. **1:CV-11-1998** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| EDWARD V. GRYNKEWICZ, III, et al., | : | |
| | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 31, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


                                     **s/ Thomas M. Blewitt**
                                     **THOMAS M. BLEWITT**
                                     **United States Magistrate Judge**

**Dated: January 31, 2012**